STATE OF IOWA, appellee, v. CLARENCE WESLEY VINZANT, appellant.

No. 51615.

(Reported in 137 N.W.2d 599)

OCTOBER 19, 1965.

Chipokas, Koehler & Olinger, of Cedar Rapids, for appellant.

Lawrence Scalise, Attorney General, for appellee.

MOORE, J.—On May 28, 1964, an approved county attorney's information was filed in the Linn County District Court charging defendant, Clarence Wesley Vinzant, with the crime of assault with intent to commit rape, in violation of section 698.4, Code of 1962. He was arraigned before the court the same day, an attorney was appointed for him and was given until 10 a.m., June 3, 1964, to move, plead or demur. On June 3 he appeared in court, with an attorney of his own choosing and entered a plea of not guilty. On his oral application defendant's appearance bond was reduced from $5000 to $2500. On July 8, 1964, defendant asked for and received a different court-appointed attorney who was subsequently allowed to withdraw when defendant apparently hired his present counsel.

On August 27, 1964, defendant appeared in open court with his present counsel and after withdrawing his former plea of not guilty entered a plea of guilty to the offense charged. In order to afford adequate time to conduct a presentence investigation, time for sentence was fixed by the court for 10 a.m., October 5, 1964.

After hearing the recommendations of the county attorney and statements of defendant's counsel defendant on October 5 was sentenced to a term of imprisonment not to exceed five years in the state penitentiary at Fort Madison. Appeal bond was set at $500. Defendant has appealed.

The record before us consists of the printed abstract of record which is supplemented by the clerk's transcript as required by Code section 793.6. Defendant has not filed a brief and argument and therefore we are not advised of any contention on which he relies. It thus becomes our duty to consider this appeal in conformity with Code section 793.18, which provides:

"Decision of supreme court. If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

We have carefully examined the record before us, including the county attorney's information, the minutes of testimony attached thereto and the several calendar sheet entries and find no irregularity in the charge or the proceedings. We find nothing to indicate defendant's plea of guilty was not voluntary. He was represented by able counsel of his own choosing. We find no reason to reduce the punishment. Hence the judgment is—Affirmed.

All JUSTICES concur.